UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| J.K. ) | | |
| By His Parents and Next Friends, ) | | |
| PAUL and HEIDI KRAFT, ) | | |
| ) | | |
|     Plaintiffs, ) | | |
| ) | | |
| v. ) | CAUSE NO.: 1:04-CV-293-TS | |
| ) | | |
| METROPOLITAN SCHOOL DISTRICT ) | | |
| SOUTHWEST ALLEN COUNTY, ) | | |
| SMITH-GREEN-WEST ALLEN SPECIAL ) | | |
| EDUCATION COOPERATION SERVICES, ) | | |
| and SUELLEN REED, IN HER OFFICIAL ) | | |
| CAPACITY AS SUPERINTENDENT OF ) | | |
| PUBLIC INSTRUCTION, and THE INDIANA ) | | |
| DEPARTMENT OF EDUCATION, ) | | |
| ) | | |
|     Defendants. ) | | |

**OPINION AND ORDER**

This matter comes before the Court by way of a Complaint for Declaratory Relief brought by J.K. and by his parents and next friends, Paul and Heidi Kraft, against the Metropolitan School District of Southwest Allen County, the Smith-Green-West Allen Special Education Cooperation Services, Suellen Reed, in her official capacity as Superintendent of Public Instruction, and the Indiana Department of Education (DOE). The Plaintiffs allege that the Defendants violated J.K.'s right, under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, and corresponding state special education laws, to a free appropriate public education (FAPE). The Plaintiffs allege that the hearing process provided by the state educational agencies did not comply with the IDEA and with due process.

The Plaintiffs have presented their issues and claims to this Court by way of an amended

motion for summary judgment [DE 18], filed on December 8, 2004.[1] The "State Defendants," Suellen Reed and the Indiana Department of Education, responded and filed a cross motion for summary judgment [DE 22] on January 5, 2005. The Plaintiffs' claims against the State Defendants are the subject of this Opinion and Order. The Plaintiffs' claims against the "School Defendants," the school district and the special education cooperation services, will be addressed in a separate opinion and order.

**PROCEDURAL BACKGROUND**

On October 21, 2003, believing that the School was not providing J.K. with a FAPE, J.K. through counsel, filed a due process hearing request with the Division of Exceptional Learners, Indiana Department of Education. The Indiana Department of Education appointed an Independent Hearing Officer (IHO), who conducted a hearing over the course of four days in late January and February 2004. The IHO issued his decision on March 5, 2004, finding, *inter alia*, that the school had denied J.K. a FAPE and ordering relief for J.K. and his parents. The School Defendants, dissatisfied with the IHO's decision, appealed to the Board of Special Education Appeals (BSEA). The BSEA reviewed the IHO's findings and issued a decision on July 6, 2004, amending many of the IHO's findings of fact and conclusions of law and deleting the IHO's orders.

On August 3, 2004, the Plaintiffs filed their Complaint in this Court, appealing the decision of the BSEA. The Plaintiffs seek declaratory relief, reinstatement of the IHO's decision, and attorney's fees, costs, and expert witness fees. The Complaint alleges that the Defendants have been

---

[1] The motion for summary judgment was amended to accurately reflect that the administrative record was not filed by the Plaintiffs, but would be filed separately. The record was filed by MSD-Southwest Allen County and Smith-Green-West Allen Special Education Cooperation Services on December 29, 2004.

and are now violating J.K.'s rights under the IDEA and Article 7 to be educated pursuant to a FAPE and that J.K. was denied his due process right to a fair and impartial review by the BSEA. On October 1, 2004, the State Defendants filed an Answer.

On December 7, 2004, the Plaintiffs filed an Amended Motion for Summary Judgment. On January 5, 2005, the State Defendants responded and filed a cross motion for summary judgment, all in one filing. On January 19, the Plaintiffs responded to the cross motion for summary judgment. On January 27, 2005, the State Defendants filed a reply. The Plaintiffs also filed a reply to the State Defendants' response to the Plaintiffs' Amended Motion for Summary Judgment, which the State Defendants moved to strike under Federal Rule of Civil Procedure 12(f).

**MATERIAL FACTS**

In the Plaintiff's Memorandum in Support of Motion for Summary Judgment, the Plaintiff includes "Plaintiffs' Statement of Genuine Issues of Material Fact." This title is nonsensical. Under Rule 56, a movant is entitled to summary judgment if there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Northern District of Indiana Local Rule 56.1 requires that a movant include in the text of the supporting brief or an appendix thereto, a "Statement of Material Facts" that are "supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence, as to which the moving party contends there is no genuine issue." N.D. Ind. L.R. 56.1(a). The party opposing summary judgment files a "Statement of Genuine Issues." *Id.*

The Court assumes that the Plaintiffs intended to file a Statement of Material Facts and misnamed it a Statement of Genuine Issues of Material Fact. Even so, the Plaintiffs have failed to

3

support their statement with citations to the administrative record.[2] Moreover, the Statement contains largely legal conclusions and argument, not statements of fact.

These deficiencies notwithstanding, the background of the procedural issues, set forth above, is not in dispute. For purposes of addressing the cross-motions for summary judgment on the claims against the State Defendants, those are all the facts that are needed.

## DISCUSSION

### A. Standard of Review Under the IDEA

In any action brought in a federal court under section 1415(i), the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and shall, basing its decision on the preponderance of the evidence, grant such relief as the court determines is appropriate. 20 U.S.C. § 1415(i)(2)(B). Because of the unique procedural posture of cases under the IDEA in which a federal court is asked to review the decision of the state educational administrative body, summary judgment has been deemed appropriate as the mechanism for bringing the issues and claims before the court for decision. *Beth B. v. Van Clay*, 282 F.3d 493, 496 n.2 (7th Cir. 2002).

When neither party has requested that the district court hear additional evidence, "there is nothing new presented to the district court; thus '[t]he motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record.'" *Heather S. v. State of Wisconsin*, 125 F.3d 1045, 1052 (7th Cir. 1997) (quoting *Hunger v. Leininger*,

---

[2] Later in its brief, in the Discussion section, the Plaintiffs address the IHO and BSEA's findings and cites to the record.

15 F.3d 664, 669 (7th Cir. 1994)). The Seventh Circuit has indicated that a decision by a district court in such circumstances might well be described as judgment on the record. *Beth B.*, 282 F.3d at 496 n.2. Accordingly, despite being termed summary judgment, the district court's decision is based on the preponderance of the evidence. *See Bd. of Educ. of LaGrange Sch. Dist. No. 105 v. Ill. State Bd. of Educ.*, 184 F.3d 912, 915 (7th Cir. 1999).

However, when the claims the plaintiff asserts are due process claims, the Rule 56 methodology for summary judgment applies. *Doe v. Eagle-Union Cmty. Sch. Corp.*, 101 F. Supp. 2d 707, 710 (S.D. Ind. 2000). Under Federal Rule of Civil Procedure 56(c), a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). These notions apply equally where opposing parties each move for summary judgment in their favor pursuant to Rule 56. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir.1996)

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party carries this burden, the opposing party then must "go beyond the pleadings" and present specific facts which show that genuine issues exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. The Plaintiffs' Claims Against the State Defendants

The Plaintiffs allege in their Complaint that the BSEA "failed to properly interpret and apply

state and federal law and its requirements, issued a decision that was contrary to law and committed several errors such that the child was denied his due process right to a fair and impartial review by the BSEA in a manner that constitutes an abuse of power that 'shocks the conscience.'" (Comp., ¶ 4.) Specifically, they argue that the Indiana Department of Education, through the BSEA, "failed to provide in [its] decision, any specific reasons, basis or reasonable explanation for the reversal of the IHO's decision" and instead acted arbitrarily and in the state's own interest. (Comp., ¶¶ 5, 28–32.) The Plaintiff submits that under 511 IAC 7-30-4(m)[3], case law, and the IDEA, some form of explanation or support for a reversal of an IHO's decision is required. (Comp., ¶ 6.)

The Plaintiffs argue that because the state is responsible for seeing that school programs comply with the laws, the state appears not to be doing its job when a school is found in violation of the laws. The Plaintiffs contend that this creates bias on the part of the state, which violates due process because "the 'touchstone of due process is protection of the individual against arbitrary action of government.'" (Comp., ¶ 5.)[4]

The Plaintiffs assert that the Indiana DOE receives federal funding pursuant to the IDEA and is responsible to ensure a full and fair impartial hearing and hearing review system, and that this was not provided to J.K. (Comp., ¶ 7.)

The Plaintiffs believe that "the BSEA's reversal of the IHO's decision was arbitrary and capricious and of such an extreme to 'shock the conscience.'" (Pfs' Mem. at 6.) Therefore, they request the Court to enter judgment declaring that the Defendants violated J.K.'s rights under the

---

[3] The Plaintiffs actually refer to subsection (k), but as will be discussed later in this opinion and order, the Plaintiffs intended to cite to subsection (m).

[4] The Plaintiffs appear to abandon this claim of inherent bias in the IDEA system. They do not mention it in any of the briefs filed in this cause.

IDEA and reinstating the IHO's findings, conclusions, and orders in favor of the Plaintiffs.

**C. Cross Motions for Summary Judgment**

The State Defendants argue that they are a nominal party whose presence in the action is purely gratuitous. They assert that, to the extent the Plaintiff wants to pursue claims under the IDEA, the Local Educational Agency (LEA) is the appropriate party. The State Defendants contend that the Court is authorized to review the record and grant the relief it determines to be appropriate based on the preponderance of the evidence. 511 IAC 7-30-4(n). Whether this relief includes reinstatement of the IHO's decision is not dependent on, nor would it affect, the State Defendants. Further, they argue, although the Plaintiffs disagree with the BSEA's decision, this disagreement does not support an allegation that the State Defendant denied the Plaintiffs' due process rights.

The Plaintiffs respond that the Indiana DOE's duties to administer and apply substantive and procedural due process, as outlined in the IDEA, constitute more than nominal involvement. They also contend that the BSEA's actions are the major cause for filing this litigation.

**D. Analysis**

According to the Plaintiffs, the BSEA failed to follow the law governing reversal of an IHO decision. The Plaintiffs' claim against the State Defendants appears to be twofold. First, they disagree with the outcome of the BSEA's decision. Second, they disagree with how the BSEA arrived at its decision because it did not provide explanation or support for its reversal of the IHO's findings. The Plaintiffs believe that the IHO's ruling should be reaffirmed and declaratory relief issued against the Defendants.

*1. Substance of the BSEA's Decision*

As to the first part of the Plaintiffs' claim—that the BSEA's rulings were erroneous—the State Defendants are not proper parties to this suit. In general, when parents bring an action on behalf of their child, challenging the provision of a free and appropriate education as required under the IDEA, the independent school district within which the child's school is located is considered a real party in interest to the action. *See Doe v. Eagle-Union Cmty Sch. Corp.*, 101 F. Supp. 2d 707, 717 (S.D. Ind. 2000), *summary judgment affirmed in part and vacated in part on other grounds*, 2 Fed. Appx. 567 (7th Cir. 2001); *Moubry v. Kreb*, 58 F. Supp. 2d 1041, 1051 (D. Minn. 1999) (dismissing state educational commissioner as nominal party in student's IDEA suit challenging appropriateness of his IEP); *see also Guthrie v. Circle of Life*, 176 F. Supp. 2d 919, 922 (D. Minn. 2001) (holding that Bureau of Indian Affairs, which played a role similar to that played by a state in the provision and enforcement of the IDEA, was not a necessary party to parent's action to recover attorney's fees and costs expended in an administrative action on behalf of student). Under the IDEA, an independent school district qualifies as an LEA, and it is the LEA, given its administrative and financial control over the individual school, that may be held legally accountable under the Act for the provision of the child's education. *See* 20 U.S.C. § 1401(15)(A) (defining LEA). This concept was recently reiterated by a district court in the Southern District of Indiana, where the court granted summary judgment for the state defendants[5] and concluded that the plaintiffs' remedy for an erroneous decision was an IDEA action against the local school district under 20 U.S.C. § 1415(i)(2). *Weyrick v. New Albany-Floyd County Consol. Sch. Corp.*, 2004 WL

---

[5] The state defendants were the Indiana Department of Education and several of its agencies and employees.

3059793, at *22 (S.D. Ind. Dec. 23, 2004) (slip copy) (reasoning that "[s]uing the BSEA for deciding a case incorrectly is no more appropriate than adding the trial judge as a party-defendant to an appeal of an adverse decision").

Here, the Plaintiffs have sued the LEA along with the State Defendants under 20 U.S.C. § 1415(i). Accordingly, the Court shall receive the records of the administrative proceedings, hear additional evidence, if requested, and grant the relief it determines to be appropriate based on the preponderance of the evidence. 20 U.S.C. 1415(i)(2)(B) (setting standard for judicial review); *see also* 511 IN ADC 7-30-4(n)(3) (providing that a party disagreeing with the decision of the BSEA may appeal to a civil court which shall "grant the relief it determines to be appropriate, basing its decision on a preponderance of the evidence"). For example, the Court will review the administrative record and decide whether the school denied J.K a FAPE, as the IHO found, or whether, as the BSEA determined, there was no denial of a FAPE. The Court will grant the appropriate relief, either affirming the BSEA or reinstating the IHO's determination. Either way, the relief ordered affects the Plaintiffs and the School Defendants as the LEA, not the State Defendants. When a party challenges the correctness of the BSEA's decision, the State Defendants are not a part of the anticipated resolution.

That is not to say that state educational agencies can never be sued under the IDEA. In certain circumstances, it is appropriate to extend an IDEA lawsuits beyond the LEA to state educational agencies. For example, a state education agency is a proper party to actions involving claims of systemic violations of the IDEA. *See, e.g., Yamen v. Bd. of Educ. of the Arlington Central Sch. Dist.,* 909 F. Supp. 207, 210 (S.D.N.Y. 1996). A systemic claim is one which "implicates the integrity of the IDEA's dispute resolution procedures themselves, or requires restructuring of the

education system itself in order to comply with the dictates of the [IDEA]." *Fetto v. Sergi*, 181 F. Supp. 2d 53, 72 (D. Conn. 2001) (alteration in original) (quoting *Mrs. M. v. Bridgeport Bd. of Educ.*, 96 F. Supp. 2d 124, 133 n. 12 (D. Conn. 2000)). A state agency may also be an appropriate defendant where a plaintiff proceeds under 20 U.S.C. § 1412, which gives states supervisory responsibility over the local educational agencies. *See, e.g., Jose P. v. Ambach,* 669 F.2d 865, 870–71 (2d Cir.1982) (holding that the state educational agency could be held responsible for violations of § 1412(6) of the EHA).

As noted earlier, the Plaintiffs suit is pursuant to 20 U.S.C. § 1415(i), which provides for judicial review of state review board decisions under the preponderance of evidence standard. They do not allege that this Court has jurisdiction pursuant to § 1412. The Plaintiffs' Complaint does not allege that any practice or policy of the State Defendants led to the procedural deficiency in the BSEA hearing. Even the claim that the BSEA did not make the appropriate written findings is specific only to these Plaintiffs and their BSEA appeal. The Plaintiffs are not challenging a systematic practice affecting all parties who appeal to the BSEA. This suit, at its heart, is related to the development and implementation of an IEP for one particular child, J.K., not to any statewide concerns. Everything in the Complaint and the Plaintiffs' briefs, whether referring to the school's failure to provide a FAPE or to the BSEA appeal, applies to this J.K.'s circumstances. As such, the Plaintiffs do not state a claim against the State Defendants.

Another case from the Southern District of Indiana vividly, but simply, demonstrates why the State Defendants, particularly Suellen Reed, should be dismissed from this action. In *Doe v. Eagle-Union Community School Corporation*, the Court dismissed this same defendant, Suellen Reed, as a "nominal party" whose presence in the action was "purely gratuitous." 101 F. Supp. 2d

at 716 (citing *Moubry v. Kreb*, 58 F. Supp. 2d 1041, 1049 (D. Minn. 1999)). Just as in *Doe*, there is no allegation here that Reed played any role in the Plaintiff's efforts to secure review or relief under the IDEA. *Id.* As the State Defendants argue, the Plaintiffs' Complaint and summary judgment briefs do not indicate that the State Defendants participated beyond providing procedures to ensure that the parties were afforded an impartial due process hearing and review. The Plaintiffs are not claiming that these procedures were inadequate. The State Defendants' inclusion in the case, challenging the results of the BSEA hearing, is unnecessary and improper.

*2. Procedures Employed by the BSEA*

Perhaps in an attempt to avoid the dismissal of the State Defendants, the Plaintiffs contend not only that the outcome at the BSEA was wrong, but that the State Defendants, through the BSEA, violated the Plaintiffs' due process rights. The Plaintiffs allege that the BSEA engaged in arbitrary and capricious behavior that shocks the conscience, when it overturned the IHO's findings and conclusions. This allegation, along with the reference to Reed in her official capacity, would normally accompany a 42 U.S.C. § 1983 claim for a violation of constitutional substantive due process rights. However, there is no mention of § 1983 in the Complaint, the Plaintiff's Motion for Summary Judgment, or the Plaintiffs reply briefs, despite the State Defendants' reference to § 1983 in its response to the Plaintiffs' motion for summary judgment. Nor do the Plaintiffs reference the due process clause of the federal constitution or request monetary damages.

Even if such a claim had been asserted, the scope of substantive due process is very limited. *Washington v. Glucksberg*, 521 U.S. 702 (1997), and the Plaintiffs have not identified the substantive due process right that was violated. They have named the procedure they believe to be

11

unfair and arbitrary, but have made no attempt to point to the constitutional, fundamental right of which J.K. was deprived. The Seventh Circuit has opined that "[a]lthough students may have some substantive due process rights while they are in school, see *Wood v. Strickland*, 420 U.S. 308, 326, 95 S. Ct. 992, 43 L. Ed.2d 214 (1975), education itself is not a fundamental right, see *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 93 S. Ct. 1278, 36 L. Ed.2d 16 (1973)." *Dunn v. Fairfield Cmty. H.S., Dist. No. 225*, 158 F.3d 962, 966 (7th Cir. 1998); *see also Phyler v. Doe*, 457 U.S. 202, 221 (1982) (noting that although important, "[p]ublic education is not a 'right' granted to individuals by the Constitution") (citations omitted).

While the Court believes that the Plaintiffs' attack on the BSEA's procedures is just another way to assert that the outcome at the state level was wrong and that the IHO's findings were correct, the Court, nevertheless, has looked for procedural errors by the State Defendants. It has found none.

The Plaintiffs present only one specific allegation in support of their claim that the State Defendants failed to have in place a impartial hearing process that complies with the IDEA. They allege that the BSEA did not provide in its decision any specific reasons, basis, or, reasonable explanation for reversing the IHO's findings. The Plaintiffs claim that a reversal without explanation is inconsistent with 511 IAC 7-30-4(k) and with case law, which requires some explanation or support for the reversal of an administrative hearing officer's decision.

A state is required to meet certain prerequisites, including providing procedural safeguards to protect the children's rights, before it can receive funding from the federal government for the education of children with disabilities. *Bray by Bray v. Hobart City Sch. Corp.*, 818 F. Supp. 1226, 1230 (N.D. Ind. 1993). The IDEA does not require a specific procedural format for the safeguards, and a state may use any procedural structure as long as it meets the minimum federal standards. *Id.*

The federal standard for appeals to state agencies is set forth in 20 U.S.C. §§ 1415 (g) and (h):

> (g) Appeal
>
> If the hearing required by subsection (f) of this section is conducted by a local educational agency, any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency. Such agency shall conduct an impartial review of such decision. The officer conducting such review shall make an independent decision upon completion of such review.
>
> (h) Safeguards
>
> Any party to a hearing conducted pursuant to subsection (f) or (k) of this section, or an appeal conducted pursuant to subsection (g) of this section, shall be accorded—
>
> (1) the right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities;
>
> (2) the right to present evidence and confront, cross-examine, and compel the attendance of witnesses;
>
> (3) the right to a written, or, at the option of the parents, electronic verbatim record of such hearing; and
>
> (4) *the right to written, or, at the option of the parents, electronic findings of fact and decisions* (which findings and decisions shall be made available to the public consistent with the requirements of section 1417(c) of this title (relating to the confidentiality of data, information, and records) and shall also be transmitted to the advisory panel established pursuant to section 1412(a)(21) of this title).

20 U.S.C.A. §§ 1415(g) and (h)(1–4) (emphasis added).

Indiana has created its own procedures to implement the IDEA through I.C. § 20-1-1-6 and the administrative regulation contained in 511 IAC 7-3-1 et seq. *Bray*, 818 F. Supp. at 1231. Indiana Administrative Code, Title 511, section 7-30-4(k), cited by the Plaintiffs, provides the procedures for the BSEA if it decides to hear oral argument. The Plaintiffs most likely intended to reference 511

13

IAC 7-30-4(m) to support their claim that Indiana's administrative code requires some explanation or support for the reversal of an administrative officer's decision:

> The board, upon completion of its impartial review, shall prepare an independent written decision that:
> (1) contains findings of fact, conclusions of law, and, if necessary, orders; and
> (2) includes a notice of the following:
> (A) The right to seek judicial review of the board's decision.
> (B) A party has thirty (30) calendar days from the date the party receives the board's written decision in which to seek judicial review.
> (C) An action for attorney's fees must be filed in a civil court with jurisdiction within thirty (30) calendar days after receipt of the board's final decision if no request for judicial review is filed in federal or state civil court.
> (D) The decision of the board is a final order unless judicial review in federal or state civil court is sought.

511 IAC 7-30-4(m).

The Plaintiffs do not cite any case law or specific section of the IDEA that requires the specific explanation that they demand. Requiring written findings of fact, conclusions of law, and orders is not akin to requiring specific reasons or explanation for those written findings. Here, the written decision of the BSEA contains findings of facts, conclusions of law, and orders in accordance with 511 IAC 7-30-4(m)(1) and 20 U.S.C. § 1415(h)(4).

The Court does not find that there were any irregularities, procedural or substantive, associated with the review process by the BSEA. The Plaintiffs were provided all the process they were due under the law. The Plaintiffs had an opportunity to present their complaints to an IHO, pursuant to 511 IAC 7-30-3, if they were dissatisfied with the outcome. They were allowed to appeal the IHO's decision to the BSEA pursuant to 511 IAC 7-30-4. After the School Defendant appealed to the BSEA in this case and the Plaintiffs were discontent with the BSEA's decision, they sought judicial review in this Court. That the Plaintiffs do not agree with the BSEA's application of state and federal law is not evidence that the State Defendants denied their due process.

In presenting their due process claims, the Plaintiffs confuse the BSEA's standard of review with the requirements of due process. The Plaintiffs emphasize that the BSEA indicated in its decision that it would not disturb the IHO's ruling except where the BSEA determined that the decision was arbitrary or capricious, an abuse of discretion, contrary to law, contrary to a constitutional right, power, privilege, or immunity, was in excess of the IHO's jurisdiction, was reached in violation of established procedures, or was unsupported by substantial evidence. The Plaintiffs argue that the BSEA did not actually adhere to this standard when reversing the IHO's decision and thus, "failed to follow the law in regard to its own powers, ignoring laws designed to govern tampering with IHO results." (Pfs.' Reply, ¶ 6.) But even if the Plaintiffs are correct that the BSEA misapplied the standard of review, they do not establish how this amounted to a due process violation (i.e., the hearing was not impartial, the plaintiffs were not allowed to present evidence, etc.). Again, by pointing to the standard of review, the Plaintiffs are really challenging the merits or the substance of the BSEA's decision and the real remedy would be to reinstate the IHO's decision if the BSEA was wrong.

While it has already determined that the State Defendants should be dismissed, the Court believes that it should address one additional argument the Plaintiffs made in their response brief. The Plaintiffs assert that "[t]he State Defendants, by allowing, and perhaps encouraging the reversal of the IHO's decision in this matter completely abdicated their responsibility to ensure that the LEA was complying with the federal and state due process rights of the child." (Pfs.' Response, ¶ 7.) First, the Plaintiffs have not presented any evidence that the State Defendants "encouraged" the BSEA to reverse the IHO. Second, the State Defendants act appropriately when they allow the BSEA to function independently and do not intercede with administrative hearings. *See Carnwath*

15

*v. Gransmick*, 115 F. Supp. 2d 577, 584 (D. Md. 2000) (noting that state educational agencies "may not intercede in administrative hearings or overturn the decision of the ALJ because doing so would undermine the goal of impartial hearings"). The Plaintiffs have not demonstrated that error by the BSEA, if committed during a due process hearing that is impartial and independent from state educational agencies, *see* 20 U.S.C. §§ 1415(f)(1) and (g), attaches liability to such agencies and makes them subject to suit under the IDEA. Even if the State Defendants could intervene, there is no evidence in the record to suggest that the State Defendants were aware of any procedural or substantive missteps by the BSEA, either in this case or any other.

The parties have brought the issues and claims surrounding this suit before the Court through cross motions for summary judgment. Upon consideration of these motions, the Court finds that the State Defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Amended Motion for Summary Judgment [DE 18] is DENIED in PART and the State Defendants' cross motion for summary judgment [DE 22] is GRANTED. The State Defendants' Motion to Strike Reply [DE 43] is DENIED as MOOT. The Court withholds ruling on the portion of the Plaintiffs' Amended Motion for Summary Judgment [DE 18] addressed to the School Defendants, which will be the subject of a separate opinion and order.

SO ORDERED on May 24, 2005.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT